

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00073-CV

_____

IN RE THE COMMITMENT OF RONALD RAY RIGGS

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 2017-2072-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Based on the verdict of a Gregg County jury, Ronald Ray Riggs was civilly committed as a sexually violent predator for treatment and supervision as coordinated by the Texas Civil Commitment Office.[1] Riggs is represented on appeal by counsel from the Office of State Counsel for Offenders,[2] who has filed a brief in accordance with the requirements of *Anders v. California*, 386 U.S. 738 (1967). His court-appointed counsel has concluded, after a thorough review of the record, that this appeal is frivolous and without merit. Because we agree, we affirm the judgment of the trial court. However, in consideration of counsel's continuing obligation to represent Riggs for purposes of any further appellate review, we deny counsel's motion to withdraw.

The procedures set forth in *Anders* are applicable to an appeal from a trial court's order of involuntary civil commitment when an appellant's appointed counsel concludes that there are no non-frivolous issues to assert on appeal. *See In re Commitment of Warren*, No. 09-11-00010-CV, 2012 WL 4845662, at *1 (Tex. App.—Beaumont Oct. 11, 2012, pet. denied) (mem. op.). The *Anders* brief filed by Rigg's counsel presents a professional evaluation of the record demonstrating why there are no arguable grounds for reversal. Counsel has established that he provided Riggs with a copy of his brief, provided him with a copy of the appellate record, and notified him of his right to file a pro se response and the deadline within which to do so. By letter dated January 23,

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003, 841.007, 841.081 (West 2017).

[2]The Office of State Counsel for Offenders is statutorily appointed to represent indigent persons subject to a civil commitment proceeding under Chapter 841 of the Texas Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 841.005 (West 2017).

2019, this Court informed Riggs that any pro se response was due on or before February 22, 2019. On March 11, 2019, this Court further informed Riggs that the case would be set for submission on the briefs on April 1, 2019. We did not receive a pro se response from Riggs.

Court-appointed counsel's brief meets the requirements of *Anders* by providing a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See Anders*, 386 U.S. at 744. Having thoroughly reviewed the record and counsel's brief, we agree with counsel's assessment that the appeal is frivolous and without merit. We find nothing in the record that could arguably support the appeal. *See id.* (emphasizing that reviewing court, not counsel, determines, after full examination of proceedings, whether appeal is wholly frivolous). Accordingly, we affirm the trial court's final judgment and order of commitment.

We deny counsel's motion to withdraw, however. When a statute provides for the appointment of counsel for an indigent person, an attorney's duty to his or her client extends through the exhaustion or waiver of all appeals in relation to the order. *See In re P.M.*, 520 S.W.3d 24, 26–27 (Tex. 2016). Once counsel is appointed, he may be permitted to withdraw only for good cause. *Id.* at 27. "[C]ounsel's belief that the client has no grounds to seek further review from the court of appeals' decision" is not "good cause" sufficient to justify counsel's withdrawal." *Id.* If, after consultation, Riggs wishes to pursue an appeal to the Supreme Court of Texas, counsel may satisfy his obligation to represent him on appeal "by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.*

We affirm the trial court's judgment.


Ralph K. Burgess
Justice


Date Submitted:    April 1, 2019
Date Decided:      April 11, 2019